**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>XEBEC HOLDING USA INC., *et al*.,<br><br>Debtors in a foreign proceeding.[1] | Chapter 15<br><br>Case No. 22- 10934 (KBO)<br><br>Jointly Administered |

**ORDER (A) APPROVING NOTICING PROCEDURES FOR DEBTORS' MOTION FOR (I) APPROVAL OF THE SALE OF DEBTORS' ASSETS; AND (II) RECOGNITION AND ENFORCEMENT OF CANADIAN COURT ORDER APPROVING THE SALE; (B) SETTING A SALE HEARING; AND (C) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Xebec Adsorption Inc., in its capacity as the duly-appointed foreign representative (the "**Foreign Representative**") for the above-captioned debtors (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a), 1507, 1521, and 1522 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rules 2002-1 and 9006-1, (a) approving noticing procedures for a motion to approve the sale of the Debtors' assets under to section 363 of the Bankruptcy Code and for recognition and enforcement of a Canadian Court order approving such sale; (b) setting a sale hearing; and (c) granting related relief, as more fully described in the Motion; the Court having reviewed and considered the Motion; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

---

[1] The Debtors in the chapter 15 proceedings and the last four digits of their federal tax identification numbers are: Xebec Adsorption Inc. (0228), Xebec RNG Holdings Inc. (N/A), Applied Compression Systems Ltd. (N/A), Compressed Air International Inc. (N/A), Xebec Holding USA Inc. (8495), Enerphase Industrial Solutions Inc. (1979), CDA Systems, LLC (6293), Xebec Adsorption USA, Inc. (0821), The Titus Company (9757), Nortekbelair Corporation (1897), XBC Flow Services – Wisconsin Inc. (7493), California Compression, LLC (4752), and Xebec Systems USA LLC (4156). The location of the Debtors' corporate headquarters and the Debtors' foreign representative is: 700-1130 Sherbrooke Street West, Montréal, Québec H3A 2M8.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

**IT IS FOUND AND DETERMINED THAT**:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, and to the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. The Court has jurisdiction to consider the Motion, the relief requested therein, in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue of the chapter 15 cases and the Motion in this district is proper under 28 U.S.C. §§ 1410.

C. The Canadian Proceedings constitute "foreign main proceedings" as defined in section 1502(4) of the Bankruptcy Code.

D. The Foreign Representative is the duly appointed "foreign representative" of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

E. The Foreign Representative caused notice of the Motion in the form attached to the Motion as Exhibit C (the "**U.S. Mail Notice**") to be served, via U.S. Mail, on: (i) all parties that that has been served with filings in the Canadian Proceeding at a United States mailing address; (ii) all parties that have received notice by mail from the Foreign Representative of any previous filing in these chapter 15 cases; (iii) all parties to litigation in which any Debtor is a party and that is pending in the United States as of the Petition Date; (iv) the Office of the United States Trustee for the District of Delaware; (v) the United States Attorney's Office for the District of Delaware;

(vi) National Bank of Canada; (vii) Export Development Canada; (viii) the Monitor. (Affidavit of Service [Docket No. 62]).

F. The Foreign Representative also caused the U.S. Mail Notice to be served, via email, to all parties who receive notices in these chapter 15 cases automatically via the Court's CM/ECF system. (Affidavit of Service [Docket No. 62]).

G. On September 29, 2022, the Canadian Court entered the Bidding Procedures Order the "**CCAA Bidding Procedures Order**") in the Canadian Proceeding, thereby approving, among other things, the Bidding Procedures.

H. The Debtors, with the assistance of the Monitor and the Financial Advisor, and under the oversight of the Canadian Court, are currently conducting a sale process in accordance with the Bidding Procedures.

I. In accordance with the Bidding Procedures, the Foreign Representative anticipates that Successful Bid(s) will be selected by no later than January 13, 2023, at 5:00 p.m. (prevailing Eastern time), and the parties will then have until January 27, 2023, to complete definitive sale documentation.

J. Following the selection of a Successful Bid(s), during the week of January 30, 2023, the Foreign Representative anticipates the Debtor will seek an order from the Canadian Court approving the Successful Bid(s) and authorizing the Debtors to consummate the transactions therein, whereby parties wishing to oppose the entry of an order approving the sale(s) of the Debtors' Assets (each, a "**CCAA Sale Order**") will have the opportunity to object and be heard.

K. The Bidding Procedures set February 7, 2023, as the "Outside Date" by which a transaction must close.

L.     Should the Canadian Court enter a CCAA Sale Order, the Foreign Representative intends on promptly filing a motion with this Court (a "**U.S. Sale Motion**") seeking, among other things: (a) approval of the sale(s) pursuant to section 363 of the Bankruptcy Code, to the extent such sale(s) contemplates the sale of assets located in the United States; and (b) recognition and enforcement of such CCAA Sale Order.

M.     The Debtors will have a need to close a sale on an expedited timeframe following entry of a CCAA Sale Order.

N.     The Foreign Representative has demonstrated that the Noticing Procedures provide sufficient and reasonable notice to parties in interest of the Motion and a U.S. Sale Motion.

O.     The Foreign Representative is entitled to the discretionary relief expressly set forth in section 1521(a) of the Bankruptcy Code.

P.     The Foreign Representative is entitled to the additional assistance as warranted under section 1507 of the Bankruptcy Code.

Q.     The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Entry of this Order is in the best interests of the Debtors, their creditors and interest holders, and all other parties in interest.

FOR ALL OF THE FOREGOING REASONS AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that:

1.     The Motion is GRANTED as set forth herein.

2.     The Noticing Procedures are approved.

3.     Service of the Motion was (i) appropriate and reasonably calculated to provide timely and proper notice and an opportunity to object to the Motion, (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and

(iii) adequate and sufficient under the circumstances of the Debtors' chapter 15 cases, such that no other or further notice of the Motion is required.

4. Cause exists to shorten the notice period for a hearing on the U.S. Sale Motion.

5. Promptly upon filing a U.S. Sale Motion, the Foreign Representative shall cause the Overnight Mail Notice (including the U.S. Sale Motion and any exhibits attached thereto), substantially in the form attached hereto as **Exhibit 1**, to be served, via overnight mail, on the following parties: (i) any party who requested to receive notice of the U.S. Sale Motion via overnight mail in accordance with the U.S. Mail Notice; (ii) all parties to litigation in which any Debtor is a party and that is pending in the United States as of the Petition Date; (iii) the Office of the United States Trustee for the District of Delaware; (iv) the United States Attorney's Office for the District of Delaware; (v) National Bank of Canada; (vi) Export Development Canada; and (vii) the Monitor.

6. The Foreign Representative shall cause the Overnight Mail Notice to be filed on the docket in these chapter 15 cases, which will cause service of such notice to parties who receive notice automatically via the Court's CM/ECF system in these chapter 15 cases.

7. The Foreign Representative shall cause the Overnight Mail Notice to be posted on the Monitor's case-specific website: https://www.insolvencies.deloitte.ca/en-ca/pages/Xebec.aspx.

8. The Noticing Procedures are necessary and appropriate to facilitate the Debtors' efforts to close a sale within the timeline required by the Bidding Procedures and the Debtors' business.

9. The Noticing Procedures are: (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice the Motion and the U.S. Sale Motion; (ii) in

compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, except as waived or modified by this Order, and (iii) adequate and sufficient under the circumstances of the Debtors' chapter 15 cases.

10. Objections, if any, to the U.S. Sale Motion must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed, together with a proof of service, with the Bankruptcy Court and served so that they are received no later than 5:00 p.m. (prevailing Eastern time) on a date that is specified in the notice that is no less than two (2) business days prior to the hearing on the U.S. Sale Motion by: (a) counsel for the Foreign Representative, McDonald Hopkins LLC, Attn: Josh Gadharf, Esq., 300 North LaSalle Street, Suite 1400, Chicago, Illinois 60654 and Bielli & Klauder, LLC, Attn: David M. Klauder, Esq., 1204 N. King Street, Wilmington, Delaware 19801; and (b) the United States Trustee, Attn: Timothy Jay Fox, Jr., J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox #35, Wilmington, Delaware 19801.

11. Replies in support of the U.S. Sale Motion and in response to any objection to the U.S. Sale Motion shall be filed no later than 5:00 p.m. (prevailing Eastern time) on the date that is one business day prior to the hearing on the U.S. Sale Motion.

12. The hearing on the U.S. Sale Motion is scheduled for February 8, 2023 at 10:30 a.m. (prevailing Eastern time), and may be continued from time to time without further notice other than the filing of a notice on the docket or the announcement of the adjourned date(s) at the hearing or any continued hearing.

13. The Foreign Representative is authorized to take all steps necessary or appropriate to carry out this order.

14. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this order.

15. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

**Dated: January 9th, 2023**
**Wilmington, Delaware**

*/s/ Karen B. Owens*
**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**